COOPER et al. v. GOLDING. (No. 1428.)

(Court of Civil Appeals of Texas. Texarkana. April 15, 1915. Rehearing Denied April 29, 1915.)

1. PRINCIPAL AND AGENT ☞79—ACTION FOR NEGLIGENCE—EVIDENCE.

In a principal's action against its agent to recover damages for losses on his sales of vehicles, sustained through his false and fraudulent reports as to the certain specified purchasers' credit, wherein the agent admitted the reports and claimed that the information therein was obtained as directed by the principal, and that the information given by him was a true report of what he was directed to get and showed that he was directed by the principal to ask each purchaser as to his property, and report what the purchaser stated, evidence as to other transactions similar to those sued on was irrelevant and inadmissible; but evidence on the part of the agent that the property statement, given in as report sued on, was in each instance the very statement received by him from the purchasers themselves, was admissible on the issue of fraud and the proper performance of his duty.

[Ed. Note.—For other cases, see Principal and Agent, Cent. Dig. §§ 178–193; Dec. Dig. ☞ 79.]

2. TRIAL ☞350 — SUBMISSION OF ISSUES — SUFFICIENCY.

In an action by a manufacturer against his selling agent for losses sustained by false reports as to the standing of specified purchasers, in which the agent defended on the ground that he had made the inquiries he was instructed to make and reported the information received, the court submitted to the jury the questions whether defendant, by fraudulent representations, induced plaintiff to make the sales alleged, and whether plaintiff suffered any loss on account of misrepresentations by defendant, and the amount, if any. *Held*, that the issues were sufficiently submitted, and that it was not necessary to submit for special findings the truth of the statements in, and the loss sustained by plaintiff on, each of the reports involved.

[Ed. Note.—For other cases, see Trial, Cent. Dig. §§ 828–833; Dec. Dig. ☞350.]

3. INJUNCTION ☞252—LIABILITY ON BOND—DAMAGES.

Where plaintiff enjoined collection of a judgment against him in favor of defendant pending the present action, on the ground of defendant's insolvency, defendant on again obtaining judgment, could not recover on the injunction bond for loss of time in preparing his defense, the statutory penalty covering all the damages allowable on that ground.

[Ed. Note.—For other cases, see Injunction, Cent. Dig. §§ 586–598; Dec. Dig. ☞252.]

Appeal from District Court, Shelby County; W. C. Burford, Judge.

Action by W. F. Cooper and others against G. L. Golding. Judgment for defendant against plaintiffs, and they appeal. Reformed and affirmed.

The appellants are partners engaged in the manufacture and sale of vehicles. Appellee was employed as a traveling salesman to sell vehicles throughout the country, and, as authorized, made sales on credit of single vehicles to quite a number of people. Appellants sue appellee to recover damages for losses by reason of the sales to 34 purchasers,

alleged to have been sustained through false and fraudulent reports made by the agent in the business of his employment respecting the financial worth of said purchasers. And as auxiliary to the action for damages the appellants asked for an order restraining the collection of a certain final personal judgment in favor of appellee until the instant action be determined, upon the alleged ground of insolvency of appellee and his inability otherwise to pay the present demand of appellants. The defendant traversed the allegations upon which plaintiffs claimed they had sustained a loss, and answered that he had discharged his duties with diligence and skill, and that he acted in accordance with the instructions of his employers in making reports, and that the information upon which the reports of financial worth were based had, in each instance, been given him by the proposed purchaser; that he had no information that such statements were not true as given, and that he at no time recommended the making of a sale which was not deemed to be a good moral and financial risk. Defendant further pleaded ratification of his acts by plaintiffs, and that the damages sustained, if any, were occasioned through plaintiffs' own failure to make good the guaranty given each purchaser respecting the vehicle sold, and further asked for damages for wrongful issuance of the injunction. The case was submitted to the jury on special issues, and upon the answers returned the court rendered judgment for the defendant and against the plaintiffs and the surety on the interlocutory injunction bond for $177.92. The evidence showed that it was the duty of appellee, as appellants' salesman, to contract a sale of a vehicle, have the proposed purchaser sign the contract, and then make out and return to appellants with the contract of sale a statement of the property worth of the purchaser. Appellants furnished a blank statement to be filled out by appellee. The sale in each instance was made subject to approval or rejection by appellants, and the report of the agent was required to advise appellants and enable them to use their discretion in approval or rejection of the sale. Appellants reside in the state of Iowa. Appellee made the sales in Texas of the 34 vehicles embraced in the petition; and made the reports of financial worth of each purchaser. According to the testimony of appellants, they relied exclusively on the reports made and approved the sales, but later discovered that the reports falsely stated the property worth of the purchasers, and were so knowingly made by appellee, and they suffered loss in consequence of the reports. According to appellee's evidence, he was specially directed by appellants to ask each purchaser of his property worth and report such purchaser's statement; that in each instance he did so, and the reports returned truly stated the information as given by each purchaser, and that he had no information contrary to their state-

ments. Appellee further offered evidence tending to show that the appellants knew of the course he pursued in making said reports, and did not rely for information exclusively upon same, and that the failure to collect for the sales was solely due to appellants' own failure to carry out and comply with a contract of guaranty authorized to be made with each sale. Under the conflict of evidence the jury made the finding of fact that appellee did not make false representations inducing the appellants to sell the vehicles embraced in the pleading, and that appellants did not suffer any loss or damage on account of misrepresentations of appellee. The jury further found the temporary injunction was sued out for delay. In deference to the verdict of the jury we adopt their findings of fact.

D. M. Short & Sons, of Center, for appellants. Davis & Davis, of Center, for appellee.

LEVY, J. (after stating the facts as above). [1] Appellants offered evidence of other similar transactions than those sued on, and the court sustained objections made to the evidence. This ruling of the court is made the basis of assignments of error Nos. 1 to 5, inclusive. The court did not, it is thought, err in the ruling. The rule of evidence respecting system or habit sought to be invoked is not legally relevant to any issue here. Appellants pleaded specific charges of fraud concerning report of financial worth of purchasers of vehicles which appellee as agent was selling for appellants. Appellee admitted that the reports as returned of the specific financial worth of the purchasers of the vehicles were returned by him. He claimed that the data given in the reports sued on were obtained in each instance strictly in accordance with the mode and way directed of him by the appellants, and that the information so given was true in fact. There was not involved any question of innocence, omission, or mistake in making the reports sued on as they were made, so as to make intent or knowledge issuable. Under the real issues of fact the appellee either deliberately returned particular false reports concerning the specific financial worth of the purchasers, or he truly reported the specific information given to him in each instance by the purchasers themselves, as being the way directed by his employers in which it should be done.

Assignments of error Nos. 6 to 34, inclusive, are based upon the action of the court in allowing appellee to testify that the property statement given in each report sued on was in each instance the very statement received by him from the purchasers themselves as to the property owned by them. The appellee pleaded and offered testimony tending to show that he was specially directed by appellants, as the mode of obtaining property statements

for report to appellants, to ask each purchaser of his property worth and make report of the same as the purchaser gave it. It was permissible for appellee to prove that in making the reports he pursued the course directed by his employers, and acted in obedience to their instructions, as bearing upon the issues both of fraud and proper performance of his duties. And further the evidence was, as stated by the trial court, in rebuttal of evidence offered by appellants.

[2] Assignments of error Nos. 38 to 73, inclusive, are grouped, and relate to the refusal to submit certain questions to the jury. The proposition for error is that the court failed to submit all issues made by the pleadings and evidence. The appellants seek by their special questions to have a special finding by the jury of the truth of the statements in, and the loss sustained, if any, by appellants on, each of the reports made the basis of suit. The question submitted by the court required the jury to find:

(1) "Whether or not the defendant, Golding, by false representations induced the plaintiff Cooper Manufacturing Company to sell the vehicles set out in plaintiff's pleadings;" and (2) "whether or not the Cooper Manufacturing Company suffered any loss or damage on account of misrepresentations of Golding, if any, and the amount of same, if any."

The court's questions sufficiently embraced and required finding by the jury on, it is concluded, all the matters asked by appellants. And it is thought that the petition, as was evidently so construed by the trial court, alleges that appellants sustained damages only by reason of specific charges of fraudulent statements on the part of the agent, and not through any merely negligent disobedience of instructions. Therefore the court's charge comprehended all the issues.

It is not believed that the court would be warranted in holding that there is no evidence, as a matter of law, to support the verdict of the jury, and assignments of error 74 to 77, inclusive, are overruled.

[3] The 78th assignment of error complains of the recovery of the item of $100 by reason of the suing of the injunction. The jury found that the appellee suffered actual damages in the sum of $100 by reason of the interlocutory injunction sued out in this case. It appears from the evidence that the recovery of this amount is based on loss of time by the appellee in preparing his defense to the case. The action was for damages, and the injunction proceeding was merely incidental to the suit. The appellants, not having filed a cross-bill in the first suit, were not precluded from bringing the instant suit to recover damages. And the effect of the injunction, as merely auxiliary to the action for damages, was not to reopen the former suit, but merely to stay the collection of the former judgment upon the alleged ground of insolvency of the appellee and his inability to pay the instant demand of appellants. Its object was to hold the funds of the former judgment in order to pay off the instant judgment if obtained. It is not necessary to decide the validity of this proceeding. It is, however, determined, as involved in the assignment, that the appellee was not entitled to recover anything on the injunction bond for defending the suit for damages. The statutory penalty covers all the damages allowable in this present proceeding.

The judgment will be reformed so as to deny recovery for the $100, and, as so reformed, will be affirmed. The cost of appeal will be taxed against appellee.